■ In the Matter of JOHN FOXELL, Appellant, v NEW YORK CITY HUMAN RESOURCES ADMINISTRATION et al., Respondents. —Judgment, Supreme Court, New York County (Norman C. Ryp, J.), entered September 13, 1989, which granted respondents' cross motion to dismiss the petition for failure to state a cause of action, unanimously reversed, on the law, the judgment vacated, respondents' motion denied, the petition reinstated, the respondents directed to serve their answer within 20 days of the service upon them of this court's order with notice of entry and the matter remanded to the Supreme Court, New York County, for further proceedings, without costs.

The petition alleges that, on October 15, 1987, petitioner, a social services caseworker, was briefly hospitalized for stress and that, upon respondents' recommendation, he was placed on approved sick leave from October 15, 1987 to January 5, 1988. Upon his return to work, it is alleged petitioner was not assigned any caseload or field work, was not permitted to work overtime and his supervisors barely spoke to him despite his alleged ability to perform all his prior duties. At about the same time, petitioner took and passed a civil service examina-

tion for promotion to the position of supervisor I for the Department of Social Services, Child Welfare Services Division, and was rated 73rd out of 2,000 on the eligible list. He was subsequently interviewed for the position but was notified in November 1989 that he would not be promoted. Petitioner alleges that he was denied the promotion because respondents determined that he was medically unable to handle the duties of the position.

Accepting the factual allegations in the petition and supporting affidavit as true, as the court must on a motion to dismiss pursuant to CPLR 3211 (a) (7), petitioner has sufficiently stated a cause of action for unlawful discrimination in violation of the Human Rights Law (Executive Law art 15).

Rarely is discrimination so obvious that recognition or proof of it is instant and conclusive (State Div. of Human Rights v Kilian Mfg. Corp., 35 NY2d 201, 209). Although respondents had no obligation to give petitioner any reason for their determination not to promote him, such determination may not be based upon illegal grounds, including unlawful discrimination. Petitioner has plainly alleged a link between his hospitalization and sick leave and his subsequent treatment on the job by respondents. While this does not directly establish that petitioner's duties as caseworker were reduced for improper reasons or that the promotion was denied for the same reason as his caseload was reduced, it is certainly probative and suggestive of same. Concur—Kupferman, J. P., Sullivan, Milonas, Asch and Kassal, JJ.